UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GEORGE MADISON,<br><br>                        Plaintiff,<br><br>v.<br><br>D W ARIEL,<br><br>                        Defendant. | Case No. 23-CV-1026-JPS<br><br>**ORDER** |

**1.**     **INTRODUCTION**

On August 1, 2023, Plaintiff George Madison ("Plaintiff"), proceeding pro se, filed this action, which the Court understands to allege that Defendant D W Ariel ("Defendant") violated federal law when it evicted Plaintiff from one of Defendant's properties. *See* ECF No. 1. Plaintiff also filed a motion for leave to proceed without prepaying the filing fee. ECF No. 2.

This Order screens Plaintiff's complaint and, finding that it presents significant pleading deficiencies that bear on whether this Court has jurisdiction to hear the case, grants Plaintiff leave to file an amended complaint that corrects those deficiencies. Accordingly, the Court defers ruling on Plaintiff's motion for leave to proceed without prepaying of the filing fee. If Plaintiff does not file an amended complaint by the below-stated deadline, or files one which remains deficient, the Court will dismiss this case without prejudice and deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee.

**2.     MOTION TO PROCEED IN FORMA PAUPERIS**

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed in forma pauperis.[1] "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Nietzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner *pro se* litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

For the reasons stated in the next section, it is not yet clear whether Plaintiff's complaint meets the 28 U.S.C. § 1915(e)(2) criteria. Accordingly, the Court will not yet consider whether Plaintiff's financial circumstances entitle him to proceed in forma pauperis until it has had a reasonable opportunity to assess whether Plaintiff can amend his complaint such that it meets the § 1915(e)(2) criteria.

3. **SCREENING THE COMPLAINT**

    3.1 **Legal Standard**

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F.

Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 3.2 Plaintiff's Factual Allegations

The factual allegations in Plaintiff's complaint are sparse, but the Court surmises the following. In October 2022, Plaintiff "signed a contract and provided [his] social security number to [Defendant] for the purpose of securing a habitable living space as a consumer." ECF No. 1 at 2. The Court understands this to mean that Plaintiff entered into a residential lease for an apartment owned and/or managed by Defendant. The apartment in which Plaintiff resided apparently was located at 2535 North Prospect Avenue in Milwaukee, Wisconsin. *See id.* at 5. [2]

Plaintiff argues that this agreement with Defendant was: a "consumer credit transaction" within the meaning of the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.* ("CROA"); a "finance charge" or transaction within the meaning of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); and/or a "security and obligation of the United States" within the meaning of the Securities Act of 1933, 15 U.S.C. § 77a *et seq. Id.* at 2 (referencing statutes).

Plaintiff states that Defendant "would send [him] a certificate of indebtedness no later than 5 days after the beginning of every month stating

---

[2] It appears Defendant indeed owns and rents the property at this address. *See* Blockshopper, *2535 North Prospect Avenue*, https://perma.cc/HWD2-7K8J (last visited Aug. 14, 2023) (showing that "DW Ariel, an Undivided 50% Interest LLC" currently owns the property at this address); Apartments.com, *Ariel Place Apartments*, https://perma.cc/J949-EUJA (last visited Aug. 14, 2023).

Plaintiff also notes that "Wilkins Property Management LLC" is "owner or partner" with Defendant. ECF No. 1 at 2. Wilkins Property Management LLC is not named as a defendant.

[he] owed a debt and had 5 days to remedy it . . . or they would file for eviction." *Id.* The Court understands this to refer to Plaintiff's monthly rental payments to Defendant and, likely, some kind of notices or invoices that showed those payments as due and owing (or perhaps overdue). Plaintiff goes on to state that "after 8 months," he stopped remitting payments to Defendant. *Id.* Plaintiff characterizes his choice to stop making payments to Defendant as a decision to "stop[] paying the fraudulent debt" due to Defendant's having "commit[ed] securities fraud in a disgusting attempt to gain ill-gotten federal bank notes." *Id.* (also stating Plaintiff stopped paying so "as not to become an enemy of the state").

After he stopped making payments to Defendant, Plaintiff was sued in Wisconsin small claims court in May 2023. *See id.*; *see also DW Ariel, LLC v. George Madison et al.*, Milwaukee County Circuit Court Case No. 2023SC012940, *available at* https://wcca.wicourts.gov (listing "2535 N. Prospect Ave. Unit #101" as Plaintiff's address) (hereinafter "State Small Claims Action").[3] An initial hearing was held June 13, 2023, before Commissioner Maria S. Dorsey ("Commissioner Dorsey"); Plaintiff appeared by video and made a statement, indicating he contested the eviction action. State Small Claims Action (docket entry dated June 13, 2023). Plaintiff indicates in his complaint that Commissioner Dorsey, at some point during the proceedings, told him "'Federal Laws aren't applicable in this courtroom' although [his] rights were clearly being violated . . . ." ECF No. 1 at 2.

---

[3] The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The Court does so here to provide additional context for the very sparse allegations in Plaintiff's complaint.

An eviction hearing was held on July 13, 2023 before Judge Cynthia M. Davis ("Judge Davis"); Plaintiff again appeared in person and made a statement under oath. State Small Claims Action (docket entry dated July 13, 2023). Judge Davis found that Defendant "ha[d] a lawful right to Restitution of the Premises" and ordered that a writ of restitution issue and that judgment be entered in favor of Defendant. *Id.* A further hearing on rent and damages is scheduled for October 5, 2023 before a court commissioner. *Id.*

Sheriffs executed the writ of restitution on the night of July 24, 2023. ECF No. 1 at 2. Plaintiff's possessions were removed from the residence and left on the curb; he states he was forced to leave many of his belongings behind and is now homeless. *Id.*

For relief, Plaintiff requests that he be "granted access back into the premises [at] 2535 N Prospect Ave to reside forevermore as I please for free" and that Defendant return to him his security deposit and all rental payments incurred during his tenancy. *Id.* at 5. Plaintiff further demands that Defendant "return[] to all of [its] clients located/living on 2535 N Prospect Ave all ill-gotten gains" and threatens that failure to do so will result in "RICCO" charges, which the Court understands to refer to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq. Id.*

### 3.3 Analysis

There are two significant problems with Plaintiff's complaint that bear on whether this case is within the categories of cases this Court has jurisdiction to hear and whether the Court may properly proceed while a related state court matter is pending. For the reasons and on the terms stated below, the Court will give Plaintiff an opportunity to amend his

complaint to attempt to address these problems. If the amended complaint does not adequately address these problems, the case will be dismissed without prejudice.

First, the complaint as written alleges no federal cause of action that applies to Plaintiff or would give him the right to proceed in this forum. To proceed in a federal court, Plaintiff must establish that the case is within the Court's subject matter jurisdiction by alleging either that his action "aris[es] under the Constitution, laws, or treaties of the United States" or is "between citizens of different [s]tates" and involves a sum of money greater than $75,000.00. 28 U.S.C. §§ 1331–1332. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

As far as this Court can tell from the complaint, Plaintiff alleges no federal constitutional claim. The three federal statutes he does specifically invoke do not appear to apply to the facts of this case. CROA regulates organizations that furnish credit repair services to consumers and defines "consumer credit transaction" as one where "credit is offered or extended to an individual for personal, family, or household purposes." 15 U.S.C. §§ 1679 and 1679a(2). Based on the facts alleged in the complaint and on common sense, the Court cannot conclude that the relationship between Plaintiff and Defendant—which appears to be that of a tenant and landlord—is in any aspect subject to CROA's requirements. Likewise for Plaintiff's invocation of TILA. The allegations in the complaint do not establish that Defendant extended a loan or credit to Plaintiff. While TILA does apply to "personal property leases" such as those for "leasing automobiles and other durable goods," 15 U.S.C. § 1601(b), it would not apply to any residential lease agreement or contract that existed between

Plaintiff and Defendant. *See generally Truth in Lending Act*, Consumer Financial Protection Bureau (April 2015), https://files.consumerfinance.gov/f/201503_cfpb_truth-in-lending-act.pdf [https://perma.cc/ML5M-Y28N]. The Securities Act of 1933 is similarly irrelevant, as a residential lease is far outside what that Act defines as a regulated transaction. *See* 15 U.S.C. 77b(a)(1) (defining "security").

Plaintiff's complaint states that he intends to proceed on "federal question" jurisdiction under 28 U.S.C. § 1331. ECF No. 1 at 5. However, his complaint as written does not sufficiently allege facts from which the Court could conclude that this case is within its federal question subject matter jurisdiction, because Plaintiff has only invoked federal statutes which do not apply to his case. Plaintiff will have an opportunity to amend his complaint; in order to proceed, any amended complaint must demonstrate why this Court has subject matter jurisdiction by pleading a federal cause of action that applies to Plaintiff and the facts of this case (or alternatively by demonstrating diversity jurisdiction under 28 U.S.C. § 1332).

The second problem with Plaintiff's complaint is that it is more likely than not impacted by one or more federal abstention doctrines. Federal abstention doctrines come into play when a plaintiff initiates a lawsuit in federal court that relates to a proceeding in state court. In such a circumstance, the federal court generally examines whether there are any reasons or bases on which it should abstain from hearing the case.

In general, "lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments"; this is commonly known as the *Rooker-Feldman* doctrine. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482–

86 (1983)). The *Rooker-Feldman* bar applies "not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." *Id.* (citing *Feldman*, 460 U.S. at 482 n.16). However, a federal court is not barred from hearing federal claims—even if "inextricably intertwined" with state court determinations—where the litigant was "effectively precluded from raising th[ose] claims" in the state court proceeding. *Id.* at 557–58.

Similarly, the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (citing *FreeEats.com, Inc. v. Ind.*, 502 F.3d 590, 595 (7th Cir. 2007)). "There are three exceptions to the rule requiring abstention: (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions." *Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 799 (N.D. Ill. 2014) (citing *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007)). Where *Younger* applies, the district court may either stay or dismiss the case, depending on the type of relief sought. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

Finally, the doctrine known as *Colorado River* abstention provides that "a federal court may stay or dismiss a suit in federal court when a concurrent state court case is underway," "exceptional circumstances exist," and abstention would promote "wise judicial administration." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (citing and quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S.

800, 817–18 (1976)). *Colorado River* abstention applies only to federal actions that are "parallel" to state court proceedings, meaning that there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Id.* (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985)).

Plaintiff's federal complaint clearly relates to the state court proceeding that resulted in his being evicted from Defendant's property. As noted previously, the state court has already entered judgment in favor of Defendant; the case is ongoing, however, in the sense that the amount of money Plaintiff owes Defendant is yet to be adjudicated. Accordingly, Plaintiff's federal claims that seek to undo the state court judgment would likely now be barred by *Rooker-Feldman* unless Plaintiff demonstrates that he was "effectively precluded from raising th[ose] claims" in the state court proceeding. *Long*, 182 F.3d at 557–58. (Notably, Plaintiff's complaint pleads that Commissioner Dorsey told him "Federal Laws [weren't] applicable in this courtroom," ECF No. 1 at 2. Any amended complaint from Plaintiff should provide further detail as to when, how, and why Commissioner Dorsey made this statement, to enable the Court to determine whether *Rooker-Feldman* applies.) To the extent the state court case is ongoing, *Younger* or *Colorado River* doctrines may counsel that this Court refrain from hearing the case unless Plaintiff can plead facts demonstrating that those doctrines do not apply in this federal case.

4. **CONCLUSION**

For the reasons stated above, the Court will give Plaintiff leave to file an amended complaint that addresses the deficiencies explained above. Any amended complaint must be filed on or before **September 22, 2023**. Failure to file an amended complaint within this period may result in

dismissal of this action without prejudice. The Court is enclosing a copy of its amended complaint form and instructions.

Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and Defendant with notice of what Defendant allegedly did or did not do to violate his rights.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). In other words, any amended complaint must include **all** of the allegations and claims (including those from the original complaint) that Plaintiff wishes to make, in a single filing without reference to other documents. If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915.

Accordingly,

**IT IS ORDERED** that on or before **September 22, 2023**, Plaintiff shall submit an amended complaint using the provided form and in accordance with the instructions provided herein; failure to do so will result in dismissal of this action without prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank non-prisoner amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2023.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

Plaintiff will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.