UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORGE MADISON,

                Plaintiff,

v.

D W ARIEL,

                Defendant.

Case No. 23-CV-1026-JPS

**ORDER**

**1.    INTRODUCTION**

On August 23, 2023, the Court screened Plaintiff's complaint in this matter, and "finding that it present[ed] significant pleading deficiencies that bear on whether this Court has jurisdiction to hear the case, grant[ed] Plaintiff leave to file an amended complaint that corrects those deficiencies." ECF No. 4 at 1. Namely, the Court noted that "the complaint as written alleges no federal cause of action" and that "it is more likely than not impacted by one or more federal abstention doctrines." *Id.* at 8, 9. The Court instructed Plaintiff to file an amended complaint addressing these issues. *Id.* Plaintiff timely filed an amended complaint, which the Court now screens. 28 U.S.C. § 1915(e)(2). The Court finds that the amended complaint still has problems that are dispositive of whether this case falls within federal subject matter jurisdiction. Accordingly, the Court will give Plaintiff one final chance to file a second amended complaint that addresses this problem.

## 2. SCREENING THE AMENDED COMPLAINT

### 2.1 Legal Standard

When a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. 28 U.S.C. § 1915(e)(2).[1] The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

---

[1] "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Nietzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner *pro se* litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Separately, the Court must examine whether it has subject matter jurisdiction over the claim(s) on which a pro se litigant intends to proceed—"not only may the federal courts police subject matter jurisdiction *sua sponte*, they must." *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879

(7th Cir. 2002) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) and *United States v. Smith*, 992 F.2d 98, 99 (7th Cir. 1993)). This is because "[j]urisdiction is the 'power to declare law,' and without it the federal courts cannot proceed." *Id.* (quoting *Ruhrgas*, 526 U.S. at 577). Accordingly, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

## 2.2 Plaintiff's Factual Allegations

Plaintiff's amended complaint is at some points unintelligible, but the Court summarizes below the allegations as it understands them. In October 2022, Plaintiff "signed a contract (lease) and . . . provided [his] social security number to D.W[.] Ariel LLC [("Defendant")] for the purpose of securing a habitable living space as a consumer." ECF No. 5 at 3.[2] Plaintiff argues that, because this agreement with Defendant was "used to 'secure' a property," it was a "security and obligation of the United States" or surety

---

[2] As the Court's prior screening order noted, the apartment Plaintiff rented was located at 2535 North Prospect Avenue in Milwaukee, Wisconsin. ECF No. 4 at 5. Defendant apparently does own and rent the property at this address. *See* Blockshopper, *2535 North Prospect Avenue*, https://perma.cc/HWD2-7K8J (last visited Oct. 18, 2023) (showing that "DW Ariel, an Undivided 50% Interest LLC" currently owns the property at this address); Apartments.com, *Ariel Place Apartments*, https://perma.cc/J949-EUJA (last visited Oct. 18, 2023).

The amended complaint also references "Wilkins Property Management LLC" ("Wilkins") as "owner or partner" with Defendant and makes extensive allegations against Wilkins or its representative. ECF No. 5 at 3, 4. Wilkins is not named as a defendant in this case; it is not clear whether Wilkins and Defendant D.W. Ariel are interchangeable as business entities. *See infra* note 6.

bond within the meaning of the Securities Act of 1933, 15 U.S.C. § 77a *et seq.* *Id.*

Plaintiff states that Defendant "would send [him] a certificate of indebtedness no later than 5 days after the beginning of every month stating [he] owed a debt and had 5 days to remedy it . . . or they would file for eviction." *Id.* The Court understands this to refer to Plaintiff's monthly rental payments to Defendant and, likely, notices or invoices that showed those payments as due and owing (or perhaps overdue). Plaintiff goes on to state that "after 8 months," he stopped remitting payments to Defendant. *Id.*[3] Plaintiff also alleges that one of "Wilkin's [sic] agents" sent him a "screenshot of '[his] account' which stated that the water bill had already

---

[3]Plaintiff characterizes his choice to stop making payments to Defendant as motivated by a desire "not to become an enemy of the state by 'paying' a debt with federally coined money instead of the only legal tender in payment (gold and silver) as stated in Article 1 Section 10 clause 1 of the constitution." ECF No. 5 at 3 (also stating Plaintiff stopped "paying with personally gained federal reserve bank notes (as it is an obligation of the United States to pay)"); *see also* ECF No. 1 at 2 (noting Plaintiff "stopped paying the fraudulent debt" due to Defendant's having "commit[ed] securities fraud in a disgusting attempt to gain ill-gotten federal bank notes") ECF No. 1 at 6; so "as). Plaintiff also argues there was further "[p]roof of the illegality" of Defendant's actions when he "requested a paper bond from Wilkins" but "was denied a proper way to remit the alleged debt," which "should have been discharged via U.C.C[.] [§] 3-603(b)." ECF No. 5 at 3. Plaintiff describes the debt as "speculated" because it gave Wilkins, "a bank[,] the power to borrow [his] application (asset) and exchange it for federal reserve bank notes." *Id.* (citing 12 U.S.C. § 1431 and the Federal Reserve Act Section 16(2)).

To the extent these are factual allegations, their meaning is unclear; the Court is unsure what it means to "request a paper bond" or for Wilkins, Defendant, or any landlord to "borrow [one's] application." To the extent these are legal theories, they are of questionable merit but will not limit Plaintiff at the screening stage. *See Gibson v. Half*, No. 21 C 04160, 2021 WL 4804083, at *1 (N.D. Ill. Oct. 14, 2021) ("Multiple legal theories may support one claim, *Sojka* [*v. Bovis Lend Lease, Inc.*], 686 F.3d [394,] 399 [7th Cir. 2012], and there is no requirement that the complaint identify the legal theories on which a claim for relief may rest. *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)[.]").

been paid in full and no rent was due[,] which led [him] to believe that all debts were in fact paid in full by a Federal reserve bank via my application for a living space with Wilkins Property Management LLC." *Id.* at 3–4.

After he stopped making payments to Defendant, Defendant sued Plaintiff in Wisconsin small claims court in May 2023. *See id.*; *see also DW Ariel, LLC v. George Madison et al.*, Milwaukee County Circuit Court Case No. 2023SC012940, *available at* https://wcca.wicourts.gov (listing "2535 N. Prospect Ave. Unit #101" as Plaintiff's address) (hereinafter "State Small Claims Action").[4] An initial hearing was held on June 13, 2023 before Commissioner Maria S. Dorsey; Plaintiff appeared by video and made a statement indicating he contested the eviction action. State Small Claims Action (docket entry dated June 13, 2023).

An eviction hearing was held on July 13, 2023 before Judge Cynthia M. Davis ("Judge Davis"); Plaintiff again appeared in person and made a statement under oath. State Small Claims Action (docket entry dated July 13, 2023). Plaintiff does not specify further what happened at the hearing, except that Judge Davis,[5] at some point during the proceedings, told Plaintiff that "'Federal Laws aren't applicable in this courtroom' although [his] rights were clearly being violated . . . ." ECF No. 5 at 4.

An attorney or representative for Wilkins[6] was present at the hearing and "submitted a ledger to the courtroom as evidence with [Plaintiff's]

---

[4] The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The Court does so here to provide additional context for the very sparse allegations in Plaintiff's complaint.

[5] Plaintiff's original complaint attributed this statement to Commissioner Maria S. Dorsey. ECF No. 4 at 6. The amended complaint refers to "Commissioner Davis." The Court will assume Plaintiff intends to refer to *Judge* Davis when describing this incident.

Page 6 of 16
Case 2:23-cv-01026-JPS   Filed 10/31/23   Page 6 of 16   Document 6

name on it but no account numbers actually linking it back to [Plaintiff]." *Id.* For his part, Plaintiff submitted affidavits[7] to the court before the hearing, "which were all ignored by the court although they were all signed and stamped by a notary public," with Judge Davis going "so far as to say that she did not read [the affidavits]." *Id.* After the hearing, Plaintiff looked at the documents that the Wilkins representative had submitted and noticed they "did not coincide with each other nor [did] they imply any credibility for the debt that was presented before the court." *Id.* Plaintiff also complains that Judge Davis "did not inform me of Rule 56 requirements" and improperly allowed the Wilkins attorney to "[speak] as a witness the entire proceeding." *Id.* Based on all of these occurrences, Plaintiff argues, the state court proceeding was "conducted in bad faith" and "den[ied] [his] right for due process." *Id.*

At the conclusion of the July 13 hearing, Judge Davis found that Defendant "ha[d] a lawful right to Restitution of the Premises" and ordered that a writ of restitution issue and that judgment be entered in favor of Defendant. State Small Claims Action (docket entry dated July 13, 2023).

---

[6]The state court docket lists Defendant (D.W. Ariel) as appearing "care of" Wilkins. *See* State Small Claims Action.

[7]According to Plaintiff, these affidavits lay out a "[s]chedule of fees" which dictates "the amount of money that is owed to D.W[.] Ariel." ECF No. 5 at 4. The so-called schedule of fees purports to charge, inter alia, $1,000,000.00 per use of the "GEORGE RAY MADISON JR, ©TM . . . trademark and trade name"; $10,000.00 per "acceptance of presentment[]" such as a summons; and $1,000,000.00 per "DNA or Body Fluids" sample. *Id.* at 5–6. As above in note 3, the Court is unsure what these allegations mean from a basic factual standpoint—Plaintiff may be suggesting that he had his own accounting of the rent that he owed to Defendant, which differed from the accounting Defendant presented to the state court. At any rate, Plaintiff contends that the amounts in this "schedule of fees" "exceeds the $75,000 limit needed to have subject-matter jurisdiction . . . ." *Id.* at 6.

Sheriffs executed the writ of restitution on the night of July 24, 2023. ECF No. 5 at 4. Plaintiff's possessions were removed from the residence and left on the curb; he states he was forced to leave many of his belongings behind and is now homeless. *Id.*

A further hearing on rent and damages took place on October 5, 2023 before a different court commissioner. State Small Claims Action (docket entry dated October 5, 2023). Plaintiff did not attend. *Id.* Plaintiff was ordered to pay Defendant $1,700.11 plus costs. *Id.*

For relief in this case, Plaintiff requests that Defendant "return all amounts that [he] paid out of pocket for and to pay the fees in [his] schedule of fees for a violation of [his] contract with the state." ECF No. 5 at 8. He also requests that he be "paid for damages and loss of personal property." *Id.*

3.   **ANALYSIS**

Although the amended complaint is not straightforward, it tells essentially the following story: Plaintiff is claiming that the state court process that resulted in his eviction was unfair or flawed to such an extent that Defendant is not entitled to the back rent and damages that the state court ordered Plaintiff to pay. Because, according to him, the state eviction judgment is invalid, Defendant must therefore pay back *Plaintiff* (not only for the rent and damages ordered in the State Small Claims Action, but all rent and payments Plaintiff ever made to Defendant). For the reasons stated below, Plaintiff's allegations in the amended complaint are not sufficient to state a claim that falls within the subject matter jurisdiction of this federal Court.

To proceed in a federal court, Plaintiff must establish that the case is within the Court's subject matter jurisdiction by alleging either that his

Page 8 of 16
Case 2:23-cv-01026-JPS    Filed 10/31/23    Page 8 of 16    Document 6

action "aris[es] under the Constitution, laws, or treaties of the United States" or is "between citizens of different [s]tates" and involves a sum of money greater than $75,000.00. 28 U.S.C. §§ 1331–1332.

Because it appears that both Plaintiff and Defendant (and Wilkins, for that matter) are Wisconsin citizens, Plaintiff may not proceed on diversity jurisdiction. 28 U.S.C. § 1332(a) (requiring that the parties be "citizens of different [s]tates" to proceed on diversity jurisdiction). The amended complaint references Plaintiff's "contract with the state." ECF No. 5 at 8. If Plaintiff intends to sue or counterclaim for breach of contract against Defendant (or "the state," for that matter, although the Court is skeptical that such a contract existed), that lawsuit or claim likely belongs in Wisconsin state court. To sustain this case as it is currently alleged, Plaintiff must therefore proceed on federal question jurisdiction or not at all. 28 U.S.C. § 1331; U.S. Const. Art. III, Sec. 2.[8] Plaintiff's contention that he has met the amount in controversy requirement applicable to diversity actions, *see supra* note 7, is therefore immaterial and will be disregarded.

Based on the allegations in the amended complaint, it appears that Plaintiff may be able to invoke this Court's federal question subject matter jurisdiction to have his case heard. (It appears it was Plaintiff's intention to proceed on federal question jurisdiction. *See* ECF No. 5 at 8.) Plaintiff includes several of what can charitably be described as eccentric legal theories in the amended complaint. *See supra* note 3; *see also* ECF No. 4 at 8–9 (discussing why "[t]he three federal statutes [Plaintiff] does specifically

---

[8]If Plaintiff truly intends to proceed only on a contract claim against Defendant, and does not want to proceed on a procedural due process claim as framed below, he should voluntarily dismiss this federal action. *See Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 986 (7th Cir. 2000) ("[P]laintiff is a master of his own complaint . . . ." (collecting cases)).

invoke do not appear to apply to the facts of this case"). Setting those odd and likely meritless legal theories aside, Plaintiff does state in the amended complaint that he believes the Wisconsin state court "den[ied] [his] right for due process." *Id.* This suggests that Plaintiff is trying to make a procedural due process claim under the Fourteenth Amendment, based on the state court proceeding that resulted in his eviction. Such a claim would proceed in federal court through the vehicle of 42 U.S.C. § 1983.

"To state a procedural due-process claim, a plaintiff must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation." *Michalowicz v. Vill. of Bedford Park,* 528 F.3d 530, 534 (7th Cir. 2008) (citing *Doherty v. City of Chicago,* 75 F.3d 318, 322 (7th Cir. 1996)). "The essential requirements of due process . . . are notice and an opportunity to respond." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546 (1985). "Due process . . . is a flexible concept that varies with the particular situation[,] . . . [and] only requires 'such procedural protections as the particular situation demands.'" *Orozco v. Dart*, 64 F.4th 806, 818 (7th Cir. 2023) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) and *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 571 (7th Cir. 2017)).

Plaintiff has a constitutionally protected interest in the property he rented from Defendant. *See McNease v. Laldee*, No. 19-CV-7280, 2021 WL 1057295, at *7 (N.D. Ill. Mar. 18, 2021) ("[E]viction [from a rented residence] is a deprivation of property rights to which the procedural due process rights of the Fourteenth Amendment attach." (citing *Greene v. Lindsey*, 456 U.S. 444, 456 (U.S. 1982)). For purposes of screening, the Court will also presume that Plaintiff's allegations make a prima facie showing that he received fewer procedural protections than he was due under the

circumstances before being evicted from Defendant's rental property. *See Cannici v. Vill. of Melrose Park*, 885 F.3d 476, 479–80 (7th Cir. 2018) (discussing process for analyzing whether a defendant provided a plaintiff with sufficient procedural due process); *Bravo v. Int'l Bank of Chi.*, No. 21-CV-6813, 2022 WL 3290719, at *3 (N.D. Ill. Aug. 11, 2022) (same). Specifically, the Court presumes that the allegations that Judge Davis (1) told Plaintiff that federal law "did not apply" in her courtroom (perhaps preventing him from raising a federal-law defense to nonpayment) and (2) refused to read or consider the evidence he presented (his affidavits) are sufficient to sustain a claim that Plaintiff was deprived of an adequate opportunity to respond to Defendant's allegations in the state court case, in violation of the Fourteenth Amendment's guarantee of procedural due process.[9] *See Orozco*, 64 F.4th at 818.

---

[9]Plaintiff's allegations that a lawyer for Defendant or Wilkins was permitted to testify as a witness and that the Court did not instruct him on Rule 56's requirements are irrelevant. As to the first allegation, procedural due process is not the vehicle by which to vindicate state-level attorney rules of professional responsibility, which are enforced by the Wisconsin Supreme Court through the Office of Lawyer Regulation. *See* Wis. Sup. Ct. R. 20:3.7 (barring lawyers from "act[ing] as advocate[s] at a trial in which the lawyer is likely to be a necessary witness[.]"). As to the second allegation, assuming Plaintiff is referring to Federal Rule of Civil Procedure 56 (as the Court is not aware of any Wisconsin rule of courtroom or civil procedure denominated as Rule 56), the Federal Rules of Civil Procedure are not applicable in state court, so Judge Davis was under no obligation to enforce or make Plaintiff aware of them.

Plaintiff also cites the case *Jacobsen v. Filler*, 790 F.2d 1362, 1385 n.8 (9th Cir. 1986). ECF No. 5 at 4. The cited portion of this case addresses a pro se litigant's "right to file counter-affidavits or other responsive material" and to be advised of that right. *Jacobsen*, 790 F.2d at 1385 n.8 (citing *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975)). This tenet is possibly relevant to a procedural due process claim, but not Plaintiff's, as he admits that he *was* able to file counter-affidavits; the state court just refused to consider them.

However (and assuming Plaintiff wishes to proceed on a federal procedural due process claim, *see supra* note 8), there is still one, very significant issue with the amended complaint: Plaintiff has adequately alleged the "what" of a constitutional claim but not the "who." Defendant is Plaintiff's landlord and appears to be a private company. *See supra* note 2. Accordingly, as a private entity, Defendant cannot be sued for violating Plaintiff's constitutional rights unless Plaintiff alleges that Defendant was acting on behalf of the state to do so. "[A]ct[ing] 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). However, "[t]he plaintiff must identify a sufficient nexus between the state and the private actor to support a finding that the deprivation committed by the private actor is 'fairly attributable to the state.'" *L.P. v. Marian Cath. High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The amended complaint makes no such allegations.

Plaintiff's requested relief is that Defendant refund his rent payments, but his allegations center on alleged wrongdoing by the state court. The proper defendant is, therefore, probably a state officer (or one or multiple state officers together with the current Defendant).[10] Plaintiff will therefore be given a final opportunity to amend his complaint again to name a defendant or defendants who are "state actors" subject to suit for alleged constitutional wrongs under 42 U.S.C. § 1983.

Of course, as the Court highlighted above, if the Court has misapprehended Plaintiff's amended complaint and he does not intend to

---

[10]Whether any such state officer might be subject to judicial immunity is a separate issue that the Court will take up if and when Plaintiff files a second amended complaint.

Page 12 of 16
Case 2:23-cv-01026-JPS    Filed 10/31/23    Page 12 of 16    Document 6

proceed on a federal procedural due process claim, and intends instead to proceed on a contract claim against the currently-named Defendant, that is his prerogative—but any such contract claim belongs in Wisconsin state court, not federal court. If Plaintiff intends to proceed strictly on a contract claim, he should voluntarily dismiss this suit.

### 3.1 Federal Abstention Doctrines

Consistent with its prior screening order, Plaintiff's amended complaint still implicates several federal abstention doctrines—*Rooker-Feldman*, *Younger*, and *Colorado River*—any of which may bar his suit from proceeding in federal court at this time, or at all. ECF No. 4 at 9–11. But the Court will defer determining what, if any, abstention doctrines apply until it has had a chance to determine whether Plaintiff can raise a federal constitutional claim at all. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

Any second amended complaint by Plaintiff should demonstrate why *Rooker-Feldman* doctrine does not apply, i.e., why Plaintiff was "effectively precluded from raising [his federal] claims" in the state court proceeding. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 557–58 (7th Cir. 1999). To the extent the state court case is ongoing, for example if Plaintiff appeals the state court eviction judgment and damages award to the Wisconsin Court of Appeals, the doctrines of *Younger v. Harris*, 401 U.S. 37 (1971) and/or *Colorado River*, 424 U.S. at 817–18 may counsel that this Court refrain from hearing the case unless Plaintiff can plead facts demonstrating that those doctrines do not apply in this federal case.

## 4. CONCLUSION

For the reasons stated above, the Court will give Plaintiff leave to file a second amended complaint that addresses the deficiencies explained above. Any second amended complaint must be filed on or before **November 30, 2023**. Failure to file a second amended complaint within this period may result in dismissal of this action without prejudice. The Court is enclosing a copy of its amended complaint form and instructions.

Plaintiff's second amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and Defendant with notice of what Defendant allegedly did or did not do to violate his rights.

Plaintiff is advised that the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint supersedes all prior complaints and must be complete in itself without reference to the original complaint. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). In other words, any second amended complaint must include **all** of the allegations and claims (including those from the original complaint and the first amended complaint discussed herein) that Plaintiff wishes to make, in a single filing without reference to other documents. If a second amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915.

The Court will continue to defer ruling on Plaintiff's motion for leave to proceed without prepaying of the filing fee. If Plaintiff does not file a second amended complaint by the below-stated deadline, or files one which remains deficient, the Court will dismiss this case without prejudice and deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee.

Accordingly,

**IT IS ORDERED** that on or before **November 30, 2023**, Plaintiff shall submit a second amended complaint using the provided form and in accordance with the instructions provided herein; failure to do so will result in dismissal of this action without prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank non-prisoner amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiff will be required to submit all correspondence and legal material to:

        Office of the Clerk
        United States District Court
        Eastern District of Wisconsin
        362 United States Courthouse
        517 E. Wisconsin Avenue
        Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT**

**WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.